**The Cardoza Law Corporation**
Michael F. Cardoza, Esq. (SBN: 194065)
Mike.Cardoza@cardozalawcorp.com
Lauren B. Veggian, Esq. (SBN: 309929)
Lauren.Veggian@cardozalawcorp.com
548 Market St. #80594
San Francisco, CA 94104
Telephone:   (415) 488-8041
Facsimile:   (415) 651-9700
*Attorney for Plaintiff*,
Nathan J. Graf

# UNITED STATES DISTRICT COURT
# FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **NATHAN J. GRAF** | **Case No.:** 3:18-cv-6517 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | **DEMAND FOR JURY TRIAL** |
| **ONLINE INFORMATION SERVICES, INC.;** | |
| Defendant | |

///

///

///

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

**INTRODUCTION**

1. This is a case about a debt collector who tried to strong-arm a consumer into paying a debt which he did not recognize. The debt collector threatened to communicate false information to others, namely that Plaintiff "refused to pay" the alleged debt, when in fact he had simply asked for more information about the debt.

2. **NATHAN J. GRAF** ("Plaintiff"), by Plaintiff's attorney, brings this action for actual damages, statutory damages, attorneys fees, and costs, against **ONLINE INFORMATION SERVICES, INC.** for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq. (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to the Plaintiff, or to the Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. All violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

6.   Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7.   Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

8.   This action arises out of Defendant's violations Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, California Civil  Code  § 1788 et seq. (hereinafter "RFDCPA").

9.   Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## FDCPA AND RFDCPA

10.   In enacting the FDCPA, Congress found that:

   a.   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors.  Abusive debt collection

---

practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

b.   Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

c.   Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

d.   Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

e.   It is the purpose of this title to eliminate abusive debt collection practice by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect Consumers against debt collection abuses.  15 U.S.C. § 1692.

11.  Similarly, when enacting the RFDCPA, the California Legislature found that:

> The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  Cal. Civil Code § 1788.1(a)(1).

12.  The FDCPA and the RFDCPA are both strict liability statutes.  That is, a plaintiff need not prove intent or knowledge on the part of the debt collector to establish liability.  *See Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1060-61 (9th Cir. 2011); *Donohue v. Quick Collect*, 592 F.3d 1027, 1030 ("[t]he FDCPA is a strict liability statute that makes debt collectors liable for violations that are not knowing or intentional").

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

13. To further protect consumers, claims under the FDCPA and RFDCPA are to be judged according to the "least sophisticated debtor" or "least sophisticated consumer" standard. *Gonzales* at 1061. This standard is lower than the "reasonable debtor" standard, and is specifically designed to protect consumers of below average and sophistication or intelligence. *Id.* In addition, a plaintiff need not even have actually been misled or deceived by the debt collector's communication. Rather, liability depends on whether the *hypothetical* least sophisticated debtor – someone who is uninformed and naïve – would have likely been misled. *Id.*; *see also Tourgeman v. Collins Financial Servs.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

### INTRADISTRICT ASSIGNMENT

14. Intradistrict assignment to the SAN FRANCISCO DIVISION is proper because this case's category is not excepted by Civil L.R. 3-2(c) and a substantial part of the events or omissions which give rise to the claim occurred in the county of SAN FRANCISCO.

### PARTIES

15. Plaintiff is a natural person who resides in the County of San Francisco, State of California. Plaintiff is a  "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and "Debtor" as that term is defined by California Civil Code § 1788.2(h).

16. Defendant Online Information Services, Inc. (hereinafter "Defendant OIS") is

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

a North Carolina corporation operating from an address of 685 W. Fire Tower Rd., Winterville, NC 28590, and is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c) because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts that it did not originate. It operates a nationwide debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of California. Its principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others, and, in fact was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

17. This case involves money due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

18. The debt at issue arises out of an alleged provision of electric service from Consolidated Edison to Plaintiff's previous residence at 746 10th Avenue, New York, New York 10019.

### FACTUAL ALLEGATIONS

19. Plaintiff is an individual residing in the County of San Francisco in the State of California.

20. Plaintiff is informed and believes, and thereon alleges, that at all times relevant,

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

Defendant conducted and continues to conduct business in the State of California.

21. Defendant's business consists solely of the collection of delinquent consumer debts.

22. On or about August 16, 2018, Plaintiff received an unsolicited call on his cell phone from Defendant wherein Defendant indicated it was a debt collector, and asked Plaintiff whether he intended to pay a $1,955.00 debt sent to Defendant by Consolidated Edison regarding Plaintiff's former residence at 746 10th Avenue, New York, New York 10019.

23. During the August 16, 2018, phone call with Defendant, Plaintiff requested three separate times that Defendant sent him any and all information that Defendant had regarding the alleged debt.

24. Defendant then requested Plaintiff's address, which Plaintiff provided. When Plaintiff attempted to confirm that Defendant would send him the requested information about the alleged debt, the caller from Defendant interrupted him, again trying to explain that the debt was sent by Consolidated Edison and ask whether he intended to pay the debt.

25. Plaintiff indicated to Defendant that he was on vacation, and attempted to explain that wanted the information before he would give an answer about paying the debt, but the Defendant caller interrupted him again, stating Plaintiff was "not trying to work with [her.]"

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

26. Plaintiff then attempted to explain that he didn't want to work with her because he was on vacation, and simply wanted the information sent to him.

27. Defendant again interrupted Plaintiff, threatening "you don't want to work with us, ok I'll mark this as a refusal to pay then."

28. Plaintiff attempted to clarify by telling Defendant that he did not refuse to pay, he simply said he was not aware of the debt and requested more information. Defendant caller continued to interrupt the Plaintiff, insisting and threatening several times that it would be marked as a refusal to pay because Plaintiff was refusing to pay.

29. Plaintiff then attempted to end the conversation by confirming that Defendant would send him information regarding the alleged debt, but by this point, the Defendant caller had already hung up on the Plaintiff.

## ACTUAL DAMAGES

30. Plaintiff has suffered actual damages as a result of these illegal collection and intimidation tactics by this Defendant in the form of, pecuniary loss, invasion of privacy, personal embarrassment, loss of personal reputation, loss of productive time, damage to credit, nausea, and feelings of fear, anxiety, hopelessness, anger, persecution, emotional distress, frustration, upset, humiliation, and embarrassment, amongst other negative emotions.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

### VIOLATION OF § 1692D OF THE FDCPA

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. A debt collector violates § 1692d of the FDCPA when it engages in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

33. Defendant violated § 1692d when it, among other qualifying actions and omissions, willfully annoyed, abused, harassed Plaintiff, and placed threatening telephone calls to Plaintiff.

### COUNT II

### VIOLATION OF § 1692E(8) OF THE FDCPA

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. A debt collector violates § 1692e(8) of the FDCPA when it threatens to communicate to any person credit information which is known or which should be known to be false in connection with the collection of any debt.

36. Defendant violated § 1692e when it, among other qualifying actions and omissions, threatened to mark and report the subject debt as "refusal to pay," when Plaintiff never refused to pay, he simply requested further information about the alleged debt.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT III

## VIOLATION OF § 1692F OF THE FDCPA

37. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38. A debt collector violates § 1692f of the FDCPA when it uses unfair or unconscionable means to collect or attempt to collect any debt.

39. Defendant violated § 1692f when it, among other qualifying actions and omissions, willfully and without justification, threatened to falsely mark and report the alleged debt as "refusal to pay."

## COUNT IV

## VIOLATION OF § 1788.13(F) OF THE RFDCPA

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. A defendant violates § 1788.13(f) of the RFDCPA when it falsely represents that a consumer's "refusal to pay" is about to be referred to a credit reporting agency.

42. Defendant violated § 1788.13(f) of the RFDCPA when, Defendant indicated to Plaintiff that the subject debt would be marked/reported as "refusal to pay, "thus insinuating that the false "refusal to pay" information would be referred/reported to a credit reporting agency.

///

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104

## COUNT V

### VIOLATION OF § 1788.17 OF THE RFDCPA

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. A defendant violates § 1788.17 of the RFDCPA when it fails to comply with the provisions of 15 U.S.C. § 1692b to 1692j, inclusive.

45. Defendants violated § 1788.17 of the RFDCPA when they willfully engaged in conduct, the natural consequence of which the violation of 15 U.S.C. § 1692d, § 1692e(8), and § 1692f.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

a) Award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

b) Award of statutory damages in the amount of $1000.00 pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) against Defendant and for Plaintiff, and,

c) Award of statutory damages in the amount of $1000.00 pursuant to Cal. Civ. Code § 1788.30 (RFDCPA) against Defendant and for Plaintiff, and,

d) Award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(1) (FDCPA) and pursuant to Cal. Civ. Code § 1788.30 (RFDCPA), against Defendant and for Plaintiff, and,

e)  Award to Plaintiff of such other and further relief as may be just and

proper.

## CERTIFICATION OF INTERESTED PARTIES

Pursuant to Civil L.R. 3-15, the undersigned certifies that as of this date, other

than the named parties, there is no such interest to report.

BY:    /S/ LAUREN B. VEGGIAN
       MICHAEL F. CARDOZA, ESQ.
       LAUREN B. VEGGIAN, ESQ.

## <u>TRIAL BY JURY IS DEMANDED.</u>

46.  Pursuant to the seventh amendment to the Constitution of the United States of

America, Plaintiff is entitled to, and demands, a trial by jury.

**THE CARDOZA LAW CORPORATION**

DATED: October 25, 2018     BY:     /S/ LAUREN B. VEGGIAN
                                    MICHAEL F. CARDOZA, ESQ.
                                    LAUREN B. VEGGIAN, ESQ.
                                    ATTORNEYS FOR PLAINTIFF,
                                    NATHAN J. GRAF

THE CARDOZA LAW CORPORATION
548 MARKET ST. #80594
SAN FRANCISCO, CA 94104